EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PEDRO CONCEPCIÓN ALEGRÍA, acusado y apelante.

No. 2941.—*Visto:* Febrero 15, 1927. *Resuelto:* Marzo 11, 1927.

HOMICIDIO *(Homicide)*—EVIDENCIA—PRESUNCIONES Y PESO DE LA PRUEBA—ELEMENTOS DE DELIBERACIÓN Y PREMEDITACIÓN.—Los elementos de deliberación y premeditación pueden deducirse de la manera en que se usa un arma mortífera o quizás del mero uso de la misma.

SENTENCIA de *Manuel Rodríguez Serra,* J. (San Juan, Segundo Distrito), condenando al acusado por delito de Atentado a la Vida. *Confirmada.*

*Rafael Sancho Bonet,* abogado del apelante; *José E. Figueras,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La prueba de cargo en este caso tendió a demostrar que en la fecha a que se refieren los hechos, el perjudicado Pilar Ruiz tenía un cafetín en que se encontraba trabajando, y en momentos en que colocaba unas botellas debajo de un mostrador, se presentó el acusado con la mano en el bolsillo, y cuando el perjudicado se incorporaba, doblado como estaba

para colocar las botellas, le hizo el acusado un disparo, el cual le produjo una herida, entrándole la bala por la axila, lado derecho, y saliéndole por la espalda cerca de la columna vertebral. Al recibir el disparo, el perjudicado salió corriendo en dirección a una casa que había en frente del cafetín, penetrando en el patio de una casa. El acusado, que venía persiguiéndolo con una pistola, se abalanzó contra él, llegando en ese momento varias personas que le quitaron el arma al acusado. Más tarde el perjudicado fué conducido al hospital.

La prueba de descargo tendió a demostrar que cierto día, el acusado, que era íntimo amigo del perjudicado, en momentos en que iba para su casa, se encontró con el perjudicado que salía corriendo de la casa del primero; que con tal motivo tuvo sospechas de su esposa, invitando al perjudicado a entrar y le pidió explicaciones, consultando luego a un abogado para divorciarse; que como un mes después se encontró con el perjudicado en San Juan y éste le dió explicaciones, manifestándole que él no era el culpable y que le iba a enseñar ciertas cartas que le demostrarían que él no tuvo la culpa. Algún tiempo después de esto, el acusado estuvo en la tienda del perjudicado, el día a que los hechos se refieren, y después de haberle dado los buenos días al perjudicado, que éste contestó, le pidió las cartas que le había prometido y entonces el perjudicado se abalanzó sobre el acusado con una pistola, y que en los momentos de la lucha salió un tiro. Al mismo tiempo, el referido Pilar Ruiz, el perjudicado, salió corriendo, y detrás de él el acusado, agarrándose nuevamente cerca del cafetín. Entonces llegó un tal Wolkers, y, según aparece de la prueba de descargo, entre él y el acusado le quitaron la pistola al perjudicado. El jurado trajo un veredicto condenatorio.

Se le imputó al acusado el delito de atentado a la vida. El principal error señalado es que la prueba no demostró los elementos de premeditación o deliberación que exige la

Ley.  La teoría es que no había nada en la prueba que demostrara que el acusado salió deliberada y premeditadamente a matar al perjudicado.  De la prueba aducida, el jurado tenía derecho a creer que el acusado, en un arrebato de celos, justificado o no, fué a la tienda del perjudicado deliberadamente, con una pistola, y si ha de darse crédito a la prueba de cargo, el jurado tenía derecho a llegar a la conclusión de que el acusado tenía la intención de darle muerte al perjudicado.  La ley y la jurisprudencia demuestran que de los actos de una persona puede deducirse su intención.  Artículo 12 del Código Penal, 13 Cal. Jur. 597. El uso deliberado de y el disparar una pistola contra un ser humano son circunstancias de las cuales el jurado tiene derecho a rendir un veredicto de culpabilidad.

*Debe confirmarse la sentencia apelada.*